FILED

2014 Feb-21  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **ANNETTE Y. HOLLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 7:12-CV-2833-SLB** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Annette Y. Hollis brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits ["DIB"]. (Doc. 8.)[1] Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Ms. Hollis initially filed an application for a period of disability and DIB on January 30, 2009, (doc. 6-3 at 12), alleging a disability onset date of November 1, 2006 due to arthritis, high blood pressure, a bulging disc in her back, a hiatal hernia, stiffness and pain, (doc. 6-6 at 2; doc. 6-7 at 6). After the Social Security Administration ["SSA"] denied her application, she requested a hearing before an Administrative Law Judge ["ALJ"], which was

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

held on September 29, 2010. (Doc. 6-3 at 12.) After the hearing, the ALJ found that plaintiff did not have an impairment or a combination or impairments listed in, or medically equivalent to one listed in, the Listings of Impairments. (*Id.* at 16); *see* 20 C.F.R. § 404.1520(d). The ALJ also found that plaintiff retained the residual functional capacity to perform work-related activities at the sedentary level of physical exertion with a few qualifications, (*id.* at 17), and that there are jobs in the national economy that would accommodate plaintiff's limitations, (*id.* at 20). In light of these findings, the ALJ denied Ms. Hollis's request for a period of disability and DIB on December 17, 2010. (*Id.* at 21.)

Plaintiff then requested the Appeals Council to review the ALJ's decision. (*Id.* at 8.) The Appeals Council found no reason under its rules to review the ALJ's decision, and it denied her request for review. (*Id.* at 2.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*)

Following denial of review by the Appeals Council, Ms. Hollis filed an appeal in this court. (Doc. 1.) She requests that this court reverse the Commissioner's decision or, in the alternative, remand the case for further consideration. (Doc. 8 at 10.)

## II.  <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.

1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted)

The court reviews the Commissioner's conclusions of law de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for disability and/or DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2); 20 C.F.R. § 416.920(a)(1)-(2); *Bowen v. City of New York,* 476 U.S.

467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB] if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(1); *see also* § 416(i)(1); § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987).[2] If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or her age, education, and work experience. 20 C.F.R. § 404.1520(b); § 416.920(b). "Under the first step, the claimant has

---

[2] 20 C.F.R. § 404.1572 and § 416.972 define "substantial gainful activity":
(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.
(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.
(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

the burden to show that she is not currently engaged in substantial gainful activity."
*Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[3]

The ALJ found that plaintiff had not engaged in substantial gainful activity for the
relevant time period since the alleged onset date. (Doc. 6-3 at 14.)

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity,  the Commissioner must
next determine whether the claimant suffers from a severe impairment or combination of
impairments that significantly limits the claimant's physical or mental ability to do basic
work activities.  20 C.F.R. § 404.1520(a)(4)(ii), (c); § 416.920(a)(4)(ii), (c).  "[A] 'physical
or mental impairment' is an impairment that results from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); § 1382c(a)(3)(D).  The regulations
provide: "[I]f you do not have any impairment or combination of impairments which
significantly limits your physical or mental ability to do basic work activities, we will find
that you do not have a severe impairment and are, therefore, not disabled.  We will not
consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); § 416.920(c).
"An impairment can be considered as not severe only if it is a slight abnormality which has

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be
unpublished unless a majority of the panel decides to publish it.  ***Unpublished opinions are
not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir.
R. 36-2 (emphasis added).

such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); § 416.921(a). A claimant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523; § 416.923. A claimant has the burden to show that she has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 F. App'x at 863.

The ALJ found that plaintiff had the following severe impairments: "degenerartive joint disease in the right shoulder and both knees; low back pain; and hyperglycemia." (Doc. 6-3 at 14.) The ALJ also found that her alleged impairments of depression, diabetes mellitus, and hypertension were not severe. (*Id*. at 15.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the

claimant's age, education, and work experience.  20 C.F.R. § 404.1520(d); § 416.920(d).

The claimant has the burden of proving that her impairment meets or equals the criteria

contained in one of the Listings.  *Reynolds-Buckley*, 457 F. App'x at 863.

      The ALJ found that plaintiff did not have an impairment or combination of

impairments that met or medically equaled a Listing.  (Doc. 6-3 at 16.)

    **4. Residual Functional Capacity and Past Relevant Work**

      If the impairment does not meet or equal the criteria of a Listing, the claimant must

prove that her impairment prevents her from performing her past relevant work. *See* 20

C.F.R. § 404.1520(a)(4)(iv), (f); § 416.920(a)(4)(iv), (f). At step four, the Commissioner

"will first compare [the Commission's] assessment of [the claimant's] residual functional

capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant

work. 20 C.F.R. § 404.1560(b); § 416.960(b).  "Past relevant work is work that [the claimant

has] done within the past 15 years, that was substantial gainful activity, and that lasted long

enough for [her] to learn to do it." 20 C.F.R. § 404.1560(b)(1); § 416.960(b)(1). If the

claimant is capable of performing his past relevant work, the Commissioner will find he is

not disabled.  20 C.F.R. § 404.1560(b)(3); § 416.920(f). The claimant bears the burden of

establishing that the impairment prevents her from performing past work. *Reynolds-Buckley*,

457 F. App'x at 863.

      The ALJ found that plaintiff could not perform any of her past relevant work. (Doc.

6-3 at 20 ¶ 6.)

**5.  Other Work in the National Economy**

If the claimant establishes that she is unable to perform her past relevant work, the Commissioner must show that the claimant—in light of her RFC, age, education, and work experience—is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 F. App'x at 863; *see also* 20 C.F.R. § 404.1520(c)(1); § 416.920(g). The regulations provide:

> If we find that your residual functional capacity does not enable you to do any of your past relevant work . . . we will use the same residual functional capacity assessment when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and the vocational factors of age, education, and work experience . . . . Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); § 416.960(c)(1).  If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled.  20 C.F.R. § 404.1520(g); § 416.920(g).

The ALJ found that plaintiff is a younger individual (45 years old) with a high school education. (Doc. 6-3 at 20.) The ALJ found that plaintiff had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can stand/walk two hours out of an eight-hour workday; can sit six hours out of an eight-hour workday; can lift/carry twenty pounds occasionally and ten pounds frequently; can occasionally climb ramps and stairs; can never

8

climb a ladder, rope or scaffolding; can occasionally bend and squat; and must avoid concentrated exposure to extreme cold, extreme heat, wetness and humidity.

(*Id*. at 17.)

The ALJ consulted a Vocational Expert [VE] to determine whether any jobs exist in the national economy that plaintiff, considering her RFC and her vocational factors, could perform. (Doc. 6-3 at 21.) The VE testified that an individual with Ms. Hollis's limitations and vocational factors could perform jobs such as appointment clerk, medical voucher clerk, and switchboard operator. (*Id*.) These jobs exist in significant numbers in Alabama and in the national economy.   (*Id*.) The ALJ found that considering the relevant factors, "the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (*Id*.) Therefore, the ALJ found that plaintiff was not disabled. (*Id*.)

## B.  MS. HOLLIS'S CLAIM

Plaintiff alleges that she suffers from "severe impairments including degenerative joint disease, low back pain, hyperglycemia and additionally suffers from depression, diabetes mellitus, and hypertension." (Doc. 8 at 2) (citing doc. 6-3 at 14-15). Plaintiff's first argument is that the ALJ erred by failing to properly consider her subjective complaints of fatigue. (Doc. 8 at 5.)

The ALJ used 20 CFR § 404.1529 and SSRs 96-4p and 96-7p to consider the effect of plaintiff's symptoms on her ability to work. (Doc. 6-3 at 17.) "[S]ymptoms, such as pain,

are subjective and difficult to quantify . . . ." 20 C.F.R. § 416.929(c)(3). The SSA issued SSR

96-7p to help an ALJ evaluate the functional effect of a claimant's subjective complaints of

symptoms such as pain and fatigue. SSR 96-7p explains the two step process set out in 20

C.F.R. § 404.1529 and § 416.929: "First, the adjudicator must consider whether there is an

underlying medically determinable physical or mental impairment—i.e., an impairment(s)

that can be shown by medically acceptable clinical and laboratory diagnostic

techniques—that could reasonably be expected to produce the individual's pain or other

symptoms." This determination does not consider the "intensity, persistence, or functionally

limiting effects of the individual's symptoms." SSR 96-7p. The ALJ found that plaintiff's

"medically determinable impairments could reasonably be expected to cause the alleged

symptoms." (Doc. 6-3 at 17.)

   If the ALJ finds that the claimant meets the first step, then

> the adjudicator must evaluate the intensity, persistence, and
> limiting effects of the individual's symptoms to determine the
> extent to which the symptoms limit the individual's ability to do
> basic work activities. For this purpose, whenever the
> individual's statements about the intensity, persistence, or
> functionally limiting effects of pain or other symptoms are not
> substantiated by objective medical evidence, the adjudicator
> must make a finding on the credibility of the individual's
> statements based on a consideration of the entire case record.

SSR 96-7p.

   Defining "objective medical evidence" is helpful because the evidence is powerful.

It can make a finding on credibility unnecessary. It is "obtained from the application of

medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption." § 416.929(c)(2); 404.1529(c)(2). "Objective medical evidence" comes in two forms: medical signs and laboratory findings. 6 SOCIAL SECURITY LAW AND PRACTICE § 36.18. "Medical signs are anatomical, physiological, or psychological *abnormalities* which can be *observed apart* from symptoms." (*Id*.) (emphasis added). "Laboratory findings are anatomical, physiological, or psychological *phenomena*" which appear in things like "chemical tests" or "x-rays." (*Id*.)

Because the objective medical evidence only showed "some degree of degenerative disc disease and minimal arthritis of the knees and right shoulder," (*id*. at 19), and "some abnormality, but not to the extent to support disability," (*id*. at 18), plaintiff's assertion as to the functional effects of her pain and fatigue depended largely on "other evidence." This evidence comes from the claimant, her treating or nontreating sources, and other reports. 20 C.F.R. § 416.929(c)(3). And since the claimant herself is the common source of most of this information, the credibility of her statements is key. SSR 96-7p. In assessing the credibility of the claimant's statements about her symptoms and their effects, the ALJ considers:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p; *see also* 20 C.F.R. § 416.929(c)(3)(i)-(vii); § 404.1529(c)(3)(i)-(vii). The ALJ found that plaintiff's good response to medication, her unemployment for two years prior to her alleged onset of disability, the fact that none of the physician's notes call for a lesser RFC, her refusal to pursue a physician's recommendation for treatment, and her reported daily activities undermined the credibility of her testimony regarding the frequency and severity of her conditions. (Doc. 6-3 at 17-19.)

Plaintiff argues that these reasons were not enough, that the ALJ "essentially ignored her fatigue" because she "did not address [it] in any direct way." (Doc. 8 at 7.) It is true that the ALJ must *consider* the individual's statements,[4] but plaintiff's argument would apparently require the ALJ to recite each individual example of plaintiff's fatigue and discredit them one by one. The ALJ is not required to be so methodical. What's required is articulation of "the *reasons* for discrediting subjective pain testimony," not articulation of each piece of testimony itself. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).[5] This

---

[4]Indeed, the ALJ "must consider the entire case record, including . . . the individual's own statements about symptoms . . . ." SSR 96-7p; *see also* 20 C.F.R. § 416.929(a); § 1529(a) ("We will consider all of your statements about your symptoms . . . .").

[5]*See also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."); *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013) ("An ALJ is not

distinction is irrelevant here, however, because the ALJ gave specific reasons for discrediting the specific testimony on which plaintiff relies. (Doc. 6-3 at 18.) Plaintiff's brief asks and answers its own question in the same paragraph: it accuses the ALJ of ignoring the "2-3 days each week [she] must remain in bed and medicated," then faults the ALJ for "dismiss[ing]" the testimony by "stating that Hollis began taking these medications after the date last insured." (Doc. 8 at 7.) That is how the ALJ addressed the issue: the medication plaintiff took after March 31, 2008, and its side-effects, are irrelevant.[6] Apparently, plaintiff has confused the medications that make her "sleepy and dizzy," which she began taking "about a year" before the hearing (i.e., around September 29, 2009), (doc. 6-3 at 45), and Darvocet, the side effects of which she did not testify to, nor could she remember when or how long she took it, (*id*. at 43).[7]

Plaintiff's second argument is that the ALJ relied on improper bases for discrediting her subjective complaints. As explained above, the ALJ's reasons for discrediting her claims track the ones listed in the regulations and policy statements. Plaintiff argues, however, that

---

required to refer specifically to each piece of evidence in the record, but must sufficiently explain the weight given to 'obviously probative exhibits.'") (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)); SSR 96-7p ("The determination or decision must contain specific reasons for the finding on credibility . . . and must be sufficiently specific . . . [as to] the *weight* the adjudicator gave to the individual's statements . . . .") (emphasis added).

[6]*See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing 42 U.S.C. § 423(a)(1)(A))("For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were [sic] ensured.").

[7]She likely began taking Darvocet on or about August 9, 2006. (Doc. 6-8 at 20.)

"'participation in everyday activities of short duration, such as housework or fishing' does not disqualify a claimant from disability and does not establish that a claimant can perform sedentary work." (Doc. 8 at 9) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)). This argument might be more persuasive if plaintiff's daily activities were the only reason that the ALJ discredited her testimony, or, as in *Lewis*, if the ALJ had been up against two treating physicians who opined that the plaintiff was disabled. *Lewis*, 125 F.3d at 1441. But the language omitted from plaintiff's excerpt shows that *Lewis* does not help her much: "Nor do we believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability *or is inconsistent with the limitations recommended by Lewis's treating physicians*." *Id.* (emphasis added). In this case, plaintiff has no limitations recommended by her treating physicians,[8] nor does the ALJ's decision rely heavily on plaintiff's daily activities. The ALJ found that she goes shopping, drives up to an hour and a half, and goes to church twice a week. (Doc. 6-3 at 18); (*see* doc. 6-7 at 44-45; doc. 6-3 at 36). These activities simply made up one piece of the substantial evidence upon which the ALJ relied to discredit plaintiff's own characterization of the effects of her symptoms.

Plaintiff would have the court reverse the ALJ's decision because "[t]he ALJ's opinion wrongly portrays Hollis's abilities . . . ." (Doc. 8 at 10.) The court is not confident

---

[8]In fact, as the ALJ noted, plaintiff's physicians encouraged her to be more active, and aerobics helped with her muscle aches. (Doc. 6-3 at 18); ("Ex. 6F at 10") (*see* doc. 6-8 at 28, 34).

in its own ability to "portray" Hollis's abilities, considering that it can not "reweigh the evidence or substitute [its] judgment for that [of the Commissioner or ALJ] . . . even if [it] find[s] that the evidence preponderates against" the decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Portray means "to describe in words: present a verbal picture of." MERIAM WEBSTER UNABRIDGED ONLINE, def. 2a, http://unabridged.merriam-webster.com . It may seem insignificant, but this word betrays plaintiff's real argument: that the ALJ's findings of fact came out the wrong way, and that if this court will review the evidence de novo, it will find that "the medical evidence supports Hollis's claims of disability." (Doc. 8 at 10.) The court cannot do so. The court reviews "factual findings with deference." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). They are "conclusive if . . . supported by substantial evidence." *Id.* (internal citations and quotation marks omitted).

Based on the record as a whole, the court finds that the ALJ's determination that Ms. Hollis is capable of performing a limited range of sedentary work is supported by substantial evidence. Therefore, the decision of the ALJ denying Ms. Hollis's claim for a period of disability and DIB is due to be affirmed.

## <u>CONCLUSION</u>

For the reasons set forth above, the decision of the Commissioner is due to be affirmed. An Order affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

DONE this 21st day of February, 2014.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE